UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GREGORY T. BATES,<br><br>Plaintiff,<br>v.<br><br>ARAMARK CAMPUS, LLC; ARAMARK SPORTS ENTERTAINMENT SERVICES, LLC; AND ARAMARK SERVICES, LLC,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPALINT<br><br>Case No. 4:24-cv-00051-AMA-PK<br><br>District Judge Ann Marie McIff Allen<br>Magistrate Judge Paul Kohler |

This matter is before the Court on Plaintiff's Motion for Leave to Amend Complaint.[1] For the reasons discussed below, the Court will grant the Motion.

I.  BACKGROUND

Plaintiff was employed with Aramark as an Operations Manager beginning in May of 2022. Plaintiff suffers from MS, and in February of 2023, he experienced a seizure while at work. After receiving treatment, Plaintiff's doctor authorized Plaintiff's return to work with the condition that he minimize using stairs. Upon returning to work, Plaintiff contends that Defendants removed him from his office and put him in a storage closet, placed him on unpaid leave despite being fully capable of performing his duties, modified his job description to include requirements that his doctor advised him not to do, and excluded him from some of his job responsibilities. Allegedly due to the stress at work, Plaintiff suffered another seizure on May 28, 2023. After receiving medical treatment, Plaintiff was released back to work by his doctor with

---

[1] Docket No. 45, filed April 28, 2025.

1

no restrictions except for driving, which Plaintiff contends was not a significant job responsibility. Plaintiff asserts Defendants would not allow him to come back to work until September 1, 2023. After returning to work once more, Plaintiff alleges that the hostile work environment forced him to resign from his position.

Plaintiff sued Defendants claiming they failed to provide reasonable accommodations that would permit Plaintiff to perform his job, demoted him, placed him on indefinite unpaid leave, and created a hostile work environment to abuse him based on his disability.

After Plaintiff filed this action, the parties engaged in two rounds of private mediation, which proved unsuccessful. Soon after their second mediation attempt failed, Defendants filed a motion for judgment on the pleadings. Plaintiff opposed that motion and also filed the instant Motion. In his Motion for Leave to Amend, Plaintiff attempts to cure many of the deficiencies raised in Defendants' motion for judgment on the pleadings. Defendants oppose Plaintiff's request for leave to amend, arguing that Plaintiff has not demonstrated good cause to amend the scheduling order and cannot satisfy the requirements of Rule 15.

## II.  DISCUSSION

Under the operative scheduling order, the deadline to file a motion to amend pleadings expired on January 29, 2025.[2] Plaintiff did not file the instant Motion until April 28, 2025. "After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a)

---

[2] Docket No. 35.

standard."[3] Thus, determining whether to allow amendment after the scheduling order deadline has passed involves a two-step inquiry.[4]

First, the court must look to "whether the moving party has established 'good cause' within the meaning of Rule 16(b)(4) so as to justify allowing the untimely motion."[5] Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent."[6] To establish good cause, the moving party must show that it could not have met the scheduling order deadline despite the movant's "diligent efforts."[7] "Rule 16(b)(4) is arguably more stringent than Rule 15,"[8] and district courts are afforded "wide discretion" in determining whether the movant has shown good cause.[9]

"Second, if the court determines good cause has been established, it will then proceed to determine if the more liberal Rule 15(a) standard for amendment has been satisfied."[10] Under Rule 15, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[11] "The court should freely give leave when justice so requires."[12] "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part

---

[3] *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014).

[4] *See Total Quality Sys., Inc. v. Universal Synaptics Corp.*, No. 1:22-cv-000167-RJS-DAO, 2025 WL 252791, at *2 (D. Utah Jan. 21, 2015).

[5] *Id.* (internal quotation marks omitted).

[6] Fed. R. Civ. P. 16(b)(4).

[7] *Gorsuch*, 771 F.3d at 1240 (internal quotation marks omitted).

[8] *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1019 (10th Cir. 2018).

[9] *Perez v. Denver Fire Dep't*, 724 F. App'x 646, 650 (10th Cir. 2018).

[10] *Total Quality Sys., Inc.*, 2025 WL 252791, at *2 (internal quotation marks omitted).

[11] Fed. R. Civ. P. 15(a)(2).

[12] *Id.*

of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"[13]

Good cause requires the moving party to "show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay."[14] Here, Plaintiff explains that the parties were engaged in settlement negotiations when the original amended pleading deadline expired. Seeking leave to amend during that period may have been detrimental to the parties' settlement efforts. Based on this procedural posture, the Court finds that Plaintiff has provided an adequate explanation for his delay. Moreover, Defendants' motion for judgment on the pleadings was not filed until after the amended pleading deadline expired. It wasn't until Defendants filed their motion for judgment on the pleadings that Defendants fully articulated the purported defects in Plaintiff's initial Complaint. Plaintiff's Motion for Leave to Amend attempts to address the alleged deficiencies. Under these circumstances, the Court, in exercising its wide discretion, finds that Plaintiff has demonstrated good cause.

Defendants also argue that leave should be denied under Rule 15. Defendants argue that Plaintiff unduly delayed in seeking leave to amend for essentially the same reasons they contend he cannot demonstrate good cause. Denial of amendment is appropriate when the moving party "has no adequate explanation for the delay."[15] For the reasons discussed above, the Court finds that Plaintiff has provided an adequate explanation for the delay in seeking leave to amend.

---

[13] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[14] *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (internal quotation marks omitted)

[15] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365–66 (10th Cir. 1993)).

Further, this case is still relatively new and any delay in seeking amendment will not prejudice Defendants, which is the most important factor when deciding a motion to amend.[16] Therefore, the Court finds that Plaintiff has satisfied Rule 15.

### III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Leave to Amend Complaint (Docket No. 45) is GRANTED. Plaintiff is directed to file his Amended Complaint within fourteen (14) days of this Order. It is further

ORDERED that Defendants' Motion for Judgment on the Pleadings (Docket No. 42) is MOOT.

DATED this 17th day of June, 2025.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge

---

[16] *Id.* at 1207.